## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1344(1), (2) – Bank Fraud;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  30 years' imprisonment, 3 years' supervised release, $1,000,000 fine, restitution, forfeiture, $100 special assessment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**DEFENDANT - U.S**

▶ ATTILA COLAR, a/k/a DAHOOD SHARIFF BEY, a/k/a ~~SHARIEFF DAHOOD BEY, a/k/a SHARIEFF PASHA, and~~ ⊞

DISTRICT COURT NUMBER

CR 21-0163 HSG

**FILED**

Apr 20 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
3:21-mj-70667-MAG
~~20-xr-91311~~

Name and Office of Person Furnishing Information on this form     Stephanie M. Hinds

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     Barbara J. Valliere

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

} ☐ Federal  ☐ State

Has detainer been filed?   ☐ Yes   ☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

<table>
<tr><td>FILED</td></tr>
<tr><td>Apr 20 2021</td></tr>
<tr><td>SUSAN Y. SOONG<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO</td></tr>
</table>

UNITED STATES OF AMERICA,

V.

ATTILA COLAR, a/k/a DAHOOD SHARIFF BEY, a/k/a
SHARIEFF DAHOOD BEY, a/k/a SHARIEFF PASHA,
and a/k/ GEORGI PETRAKOV

CR 21-0163 HSG

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1344(1), (2) – Bank Fraud;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 20th day of

April, 2021

Jacqueline Scott Corley
Hon. Jacqueline Scott Corley

Ada Means
Clerk

Bail, $ No Process

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

**FILED**

Apr 20 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.   CR 21-0163 HSG |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1344(1), (2) – Bank Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| ATTILA COLAR, a/k/a DAHOOD SHARIFF BEY, a/k/a SHARIEFF DAHOOD BEY, a/k/a SHARIEFF PASHA, and a/k/a GEORGI PETRAKOV | OAKLAND VENUE |
| Defendant. | |

I N D I C T M E N T

Introductory Allegations

At all times relevant to this Indictment:

The Paycheck Protection Program

1.     The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.  As part of the CARES Act, Congress announced the Paycheck Protection Program (PPP), and in April of 2020, authorized over $300 billion in additional PPP funding.

INDICTMENT

2. The PPP was administered by the U.S. Small Business Administration (SBA). The SBA is a cabinet-level federal agency that provides counseling, capital, and contracting expertise for small businesses.

3. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application ("SBA Form 2483"), which was signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certifications to be eligible to obtain the PPP loan.

4. From at least in or around April 2020 to on or about June 10, 2020, Question Six on SBA Form 2483 read: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgement)?" Question Six contained the option to check either "Yes" or "No" in response.

5. In completing a PPP loan application, the applicant was required to place their initials on a line next to the statement:

> I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

6. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. Businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

7. A PPP loan application was submitted to and processed by a participating lending financial institution. If a PPP loan application was approved by the participating financial institution, that institution funded the PPP loan using its own monies. The loan was 100 percent guaranteed by the SBA.

INDICTMENT                                    2

8.    Information from the application was transmitted by the lender to the SBA as the loan was processed.

9.    PPP loan proceeds were required to be used by the business on permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  Under the terms of the CARES Act,  the interest and principal on a PPP loan would be forgiven if the business spent the loan proceeds on these expense items within a designated period and used at least 60 percent of the PPP loan proceeds on payroll expenses.

The Financial Institutions and Other Companies

10.    Fountainhead Commercial Capital (Fountainhead), was a non-bank direct commercial lender headquartered outside of Orlando, Florida that specialized in small business loans.

11.    Mechanics Bank was a financial institution, as that term is defined in Title 18, United States Code, Section 20, headquartered in Walnut Creek, California, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

12.    Celtic Bank was a financial institution, as that term is defined in Title 18, United States Code, Section 20, headquartered in Salt Lake City, Utah, the deposits of which were insured by the FDIC.

13.    Liberty Small Business Finance (Liberty SBF) was a commercial real estate finance company, headquartered in Philadelphia, Pennsylvania, that provided loan origination, loan servicing, and lender services.

14.    DocuSign, Inc. (DocuSign) was an American company headquartered in San Francisco, California that offered remote document signature and management services.

15.    U.S. Bank National Bank Association (US Bank) is a financial institution, as that term is defined in Title 18, United States Code, Section 20, headquartered in Cincinnati, Ohio.

The Defendant

16.    Defendant ATTILA COLAR, a/k/a DAHOOD SHARIFF BEY, a/k/a SHARIEFF DAHOOD BEY, a/k/a SHARIEFF PASHA, and a/k/a GEORGI PETRAKOV resided in Hercules, California.

17.    In 2015, COLAR pleaded no contest and was convicted of fourteen felony counts of

INDICTMENT                                    3

California Penal Code § 115 (filing a false document), three counts of California Revenue and Tax Code § 19706 (tax evasion), three counts of California Penal Code § 487(a) (grand theft), and one count of California Penal Code § 182(a)(1) (conspiracy to commit a crime).

18.     All Hands on Deck (AHOD) is a 501(c)(3) nonprofit organization incorporated in Delaware on or about March 25, 2019, and registered with the California Secretary of State on or about May 21, 2019.  Per its Articles of Incorporation, AHOD provides "housing to men getting out of prison, food bank services, life and work skills, trainings, resiliency treatment services, prenatal life skills, and a variety of necessary know hows [sic] to survive in today's society."  The California registration statement listed an address in Hercules, California where COLAR resided as AHOD's business address.

19.     As of on or about November 27, 2019, COLAR held himself out as AHOD's Chief Executive Officer (CEO), Treasurer, and Secretary.

20.     On or about November 27, 2019, as its CEO, Treasurer, and Secretary, COLAR opened a business bank account with an account number ending in -8345 for AHOD at Mechanics Bank. COLAR was the sole signatory on that account.

21.     On or about May 19, 2020, COLAR opened a business checking account with an account number ending in -0770 for AHOD at US Bank. COLAR was the sole signatory on that account.

The Scheme to Defraud

22.     Beginning on a date unknown, but no later than April 9, 2020, and continuing until a date unknown, but at least June 16, 2020, COLAR knowing devised, intended to devise, and carried out a scheme and artifice to defraud Mechanics Bank and Celtic Bank, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of facts, and a material scheme and artifice to defraud a financial institution and to obtain money and property under the custody and control of a financial institution by mean of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealments of material facts, which scheme is described further below.

As part of the scheme to defraud:

23.     As set out in further detail below, COLAR, as the authorized representative of AHOD, submitted multiple PPP loan applications that contained materially false and fraudulent pretenses,

INDICTMENT                              4

representations, and promises, and omissions and concealment of facts to financial institutions to obtain loans. These false and fraudulent pretenses, representations, and promises, and omissions and concealment of facts included, but were not limited to:

(a) falsely overstating the number of actual AHOD employees and their salaries;

(b) falsely claiming he was paid a monthly salary as CEO of AHOD of $25,789.41, $15,988.03, and $11,789.41, when in fact he was not;

(c) falsely listing one of his aliases as separate employee of AHOD who earned $12,425.98 per month, when in fact he did not;

(d) fraudulently submitting falsified or fake documents to the banks and lending institutions to support his PPP loan applications, namely, submitting falsified or fake documents that he purported to have filed with the Internal Review Service (IRS) showed that AHOD had as many as 81 employees and paid millions of dollars in salary to them, which was false; and

(e) claiming that he had no prior felony convictions, which was false.

24. Specifically, on or about April 9, 2020, COLAR, as the authorized representative of AHOD, submitted electronically a PPP loan application in the amount of $2,422,615 to Mechanics Bank. On the loan application, COLAR falsely represented that AHOD had 73 employees and an average monthly payroll of $775,237. COLAR also provided what purported to be two employee payroll reports, for the time periods from January 1, 2019 to December 31, 2019 and February 2, 2020 to February 29, 2020, that falsely represented that the company had 73 employees and falsely reported the salaries of AHOD's purported employees.

25. On or about May 22, 2020, COLAR, as the authorized representative of AHOD, submitted electronically a PPP loan application on behalf of AHOD in the amount of $1,618,200 to Fountainhead. On the loan application, COLAR falsely represented that AHOD had 73 employees and an average monthly payroll of $647,284. Although Fountainhead approved the loan, on or about June 11, 2020, COLAR contacted Fountainhead before the loan was dispersed to withdraw his application, stating that he had secured funding from another institution.

26. On or about June 2, 2020, COLAR submitted a PPP loan application electronically via Liberty SBF's web portal to Celtic Bank. On the loan application, COLAR falsely represented that

AHOD had 81 employees and an average monthly payroll of $445,245.

27.    As part of that Celtic Bank PPP loan application process, on or about June 12, 2020, COLAR digitally signed a Closing Document Package for the Celtic Bank loan with DocuSign eSignature.  The DocuSign eSignature recorded COLAR's Internet Protocol (IP) address as 24.130.186.153.  The same IP address had previously been associated with an account with a billing address of 139 Jacaranda Court in Hercules, California.

28.    Also, as part of that Celtic Bank PPP loan application process, COLAR submitted to Celtic Bank payroll documents falsely stating the amount of payroll expenses incurred by AHOD for the third and fourth quarters of 2019 and the first quarter of 2020.  In these documents, AHOD falsely claimed to have 81 employees for an average monthly payroll of $445,245.

29.    In all the PPP loan applications described above, COLAR answered "No" to Question Six, falsely denying that he had incurred, within the last 5 years, a felony conviction.

30.    Relying on the misrepresentations in the June 2, 2020 PPP application, documents submitted during the loan application process, and other statements made or submitted during that process, Celtic Bank approved a loan for AHOD for $1,113,100 and dispersed its funds through SBF Liberty on or about June 15, 2020 to AHOD's business checking account ending in -0770 at US Bank.

COUNTS ONE AND TWO:          (18 U.S.C. § 1344(1),(2) & 2 – Bank Fraud and Aiding and Abetting)

31.    The factual allegations in Paragraphs 1 through 30 are re-alleged and incorporated as if fully set forth here.

32.    Beginning no later than April 9, 2020, and continuing through on or about June 16, 2020, in the Northern District of California, the defendant,

ATTILA COLAR,
a/k/a DAHOOD SHARIFF BEY,
a/k/a SHARIEFF DAHOOD BEY,
a/k/a SHARIEFF PASHA, and
a/k/a GEORGI PETRAKOV

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of

INDICTMENT                                    6

materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts and by omissions of material facts with a duty to disclose.

Execution of the Scheme

33.     On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant caused the following, among others things:

| COUNT | DATE | EXECUTION |
|-------|------|-----------|
| One | 4/9/2020 | Submission of PPP application to obtain a PPP loan in the amount of $2,422,615 to Mechanics Bank, a FDIC-insured bank. |
| Two | 6/16/2020 | Disbursement of $1,113,100 of funds on FDIC-insured Celtic Bank PPP loan to an AHOD business checking account ending -0770 at US Bank. |

All in violation of Title 18, United States Code, Section 1344(1), (2).

FORFEITURE ALLEGATION:       (18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c))

34.     The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

35.     Upon conviction for any of the offenses set forth in this Indictment, the defendant,

ATTILA COLAR,<br>
a/k/a DAHOOD SHARIFF BEY,<br>
a/k/a SHARIEFF DAHOOD BEY,<br>
a/k/a SHARIEFF PASHA, and<br>
a/k/a GEORGI PETRAKOV

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to the following:  $1,113,100 seized from a US Bank business checking account ending in -0770.

36.     If any of the property described above, as a result of any act or omission of the defendant:

a.       cannot be located upon exercise of due diligence;

b.       has been transferred or sold to, or deposited with, a third party;

c.       has been placed beyond the jurisdiction of the court;

INDICTMENT                                            7

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATE: 4/20/21                                  A TRUE BILL.


_____/s/_____
FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney

*Barbara J. Valliere*
BARBARA J. VALLIERE
Assistant United States Attorney

INDICTMENT                         8