Pages 1 - 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE HAYWOOD S. GILLIAM, JR., JUDGE

```
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
   VS.                           )   No. 21-cr-0163-HSG
                                 )
ATTILA COLAR,                    )
                                 )
          Defendant.             )   Oakland, California
_____)
```

Wednesday, August 24, 2022

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | STEPHANIE M. HINDS |
| | United States Attorney |
| | 450 Golden Gate Avenue, 11th Floor |
| | San Francisco, California  94102 |
| | **BY: BARBARA VALLIERE** |
| | **ADAM REEVES** |
| | **ASSISTANT UNITED STATES ATTORNEYS** |
| | |
| For Defendant: | **ATTILA COLAR**, Appearing Pro Se |

Reported By:   **BELLE BALL, CSR 8785, CRR, RDR**
               Official Reporter, U.S. District Court
               (Appearing via AT&T Telecom)

|   |   |
|---|---|
| 1 | **Wednesday - August 24, 2022**                                   **10:03 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | **THE COURTROOM DEPUTY:** Your Honor, we are calling |
| 4 | CR-21-00163, the United States versus Attila Colar. |
| 5 | Please state your appearances for the record, please. |
| 6 | **MS. VALLIERE:** Good morning, Your Honor. Barbara |
| 7 | Valliere and Adam Reeves on behalf of the United States. |
| 8 | **THE COURT:** Good morning. |
| 9 | **THE DEFENDANT:** Attila Colar, pro se. |
| 10 | **THE COURT:** All right. So we set this for a status |
| 11 | hearing, now that Mr. Colar is representing himself. The |
| 12 | government yesterday filed a status report that was helpful. |
| 13 | **MS. VALLIERE:** Your Honor, if I may, could I serve |
| 14 | Mr. Colar with some (Inaudible), a copy of that? |
| 15 | (Reporter clarification) |
| 16 | **MS. VALLIERE:** I'm sorry. I asked to serve Mr. Colar |
| 17 | with a copy of the pleading that we filed yesterday. |
| 18 | **THE COURT:** All right. There really, really are a few |
| 19 | issues that are raised. The most immediate one is that I can't |
| 20 | see any way that it makes any sense to serve the discovery |
| 21 | material on paper. That just is infeasible. |
| 22 | I understand from our CJA Department that I can just order |
| 23 | a tablet be provided. And that's what I'm going to do. And |
| 24 | then the government can provide the discovery on a SD card. |
| 25 | And I expect to be able to issue that order, likely today. |

1       Now, it sounded from the status report that there are
2  about 1,000 pages that you've already got redacted and you have
3  in hard copy.
4       I think it really is a question for the marshals as to
5  whether -- feasible for that volume of paper.  Is that
6  something permissible?
7           **THE MARSHAL:**  Yes, it is.  (Inaudible)
8           **THE COURT:**  Okay.  Given that you have it, why don't
9  you produce that now.
10      And then what I would suggest you do is once we start
11 making the electronic productions, include it again, but say
12 this is the same -- the numbers that apply, or the same
13 material produced in court, in paper form, on (Inaudible).
14          **MS. VALLIERE:**  Very well, Your Honor.  I'll give it
15 back to Mr. Colar now, then.
16          **THE COURT:**  All right.  It's about 1,000 pages, but it
17 sounds as though there are tens of thousands more pages that
18 are --
19          **MS. VALLIERE:**  Correct.
20          **THE COURT:**  -- in progress.  Okay.  So that, at least,
21 will be the plan for the production, and as I said, the tablet
22 piece of this solution.
23      Now, there was also a reference to potential standby
24 counsel or -- and/or a paralegal.  Really, this is a question
25 for Mr. Colar.

1    If I were to appoint standby counsel, I would strongly
2 consider appointing Mr. Parker, because he's familiar with the
3 case.  He's versed in the case.  The scope of standby counsel
4 would probably be very limited, which is true standby.  If you
5 get to trial and something comes up and you can't handle it,
6 then that would be when counsel would step in.
7    What I couldn't tell from the motion to represent yourself
8 is whether you thought there was some breakdown or some
9 conflict with Mr. Parker, or if you just decided you wanted to
10 represent yourself, for whatever reason.
11    What was -- if you can give me some more information about
12 that, that'll help me in considering what my options might be.
13         **THE DEFENDANT:**  Yes, Your Honor.  I'm going to object
14 to Warrington Parker as standby counsel, because we had
15 conflict.
16         **THE COURT:**  Okay, so there's a whole bunch of laws
17 that just disagreeing about tactics, that kind of thing -- and
18 you don't get to choose.  You don't get to say:  I'm picking
19 standby counsel.
20    Now, when you say there's a conflict, let's just not get
21 into it, because I don't want to waive any attorney/client
22 privilege.  But I -- I understand what you're saying.
23         **THE WITNESS:**  Yes, Your Honor.
24         **THE COURT:**  Whether there's a fourth lawyer on this
25 case will have to be determined.  But, all right.  Anything

1   further for today?
2       **THE DEFENDANT:**  Yes, Your Honor.  I would like to say
3   something about the discovery.  I did receive some discovery
4   from Warrington Parker.
5       I want to make sure that -- well, you covered it already
6   about the tablet.  Because I did see some detainees yesterday
7   received tablets with discovery on it.  And, but I just want to
8   make sure that all the discovery is not encrypted, or that I
9   receive a bunch of pages like this (Indicating).  And I don't
10  know what this is, but I got like, four, five folders like
11  this, a bunch of these --
12      **THE COURT:**  We're starting over.  So the government is
13  going to give you all of this on a tablet.  You'll have it.
14      **THE DEFENDANT:**  Yes, Your Honor.
15      **THE COURT:**  Anything else?
16      **THE DEFENDANT:**  Yes.  I would say can we come back for
17  another status hearing on the discovery, to make sure I've
18  received everything properly, to make sure that -- once I've
19  reviewed the discovery, that it matches up with the inventory?
20      **THE COURT:**  I don't know that we need a status hearing
21  for that purpose.
22      From the government's perspective, when do you expect to
23  be able to complete the discovery production?
24      **MS. VALLIERE:**  Your Honor, I'm hopeful that we're
25  going to complete this within the next three, four weeks.

1    **THE COURT:** So that obviously raises the question of
2 the trial, the motions (Inaudible)...
3    **MS. VALLIERE:** Your Honor, the motion filing deadline
4 for Rule 12 motions is the end of September, so (Inaudible) in
5 the (Inaudible) in the United States.
6    **THE COURT:** All right (Inaudible) --
7   (Reporter clarification)
8    **THE COURT:** I think what -- all I said was how could
9 we possibly proceed with a late September motions schedule if
10 the discovery is not completed for three to four weeks.
11    **MS. VALLIERE:** And my response is, Your Honor, that we
12 can try to do this within the next two weeks, if that helps the
13 schedule. I don't know if we'll succeed, but we can try to
14 have this accomplished within the next two weeks.
15    It would have to be further redacted, and then it would be
16 placed on SD cards, and it will be sent to the jail for
17 Mr. Colar, if he has his tablet.
18    **THE COURT:** I'm inclined to think that the discovery
19 has to be produced within the next two weeks.
20    And then, I think we ought to have a further status
21 hearing to see what the ramifications are. Believe me, no one
22 is (Inaudible). So, I'll order the government to complete the
23 production of discovery within two weeks of today. Electronic
24 media, as we've discussed. A tablet will be ordered, and
25 should be in Mr. Colar's hands very soon.

```
 1        And then we'll set up further status, say, two weeks out.
 2             THE COURTROOM DEPUTY:  September the (Inaudible).
 3        (Reporter clarification)
 4             THE COURTROOM DEPUTY:  September 7th at 10:00 a.m.
 5             THE COURT:  Okay.  Anything else for today?
 6             MS. VALLIERE:  Not for the United States, Your Honor.
 7             THE DEFENDANT:  Nothing further, Your Honor.
 8             THE COURT:  All right.  See everyone on the 7th.
 9             MS. VALLIERE:  Thank you.
10        (Proceedings concluded)
```

CERTIFICATE OF REPORTER

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Saturday, April 29, 2023