1

2

3

4            UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,          Case No.  21-cr-00163-HSG-1

8              Plaintiff,              **FINAL JURY INSTRUCTIONS**

9         v.

10   ATTILA COLAR,

11            Defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 1 RE: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

## INSTRUCTION NO. 2 RE: CHARGE AGAINST DEFENDANT NOT EVIDENCE— PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO. 3 RE: DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1

2

**INSTRUCTION NO. 4 RE: REASONABLE DOUBT—DEFINED**

3

4       Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

guilty.  It is not required that the government prove guilt beyond all possible doubt.

5

6       A reasonable doubt is a doubt based upon reason and common sense and is not based

purely on speculation.  It may arise from a careful and impartial consideration of all the evidence,

7

or from lack of evidence.

8       If after a careful and impartial consideration of all the evidence, you are not convinced

9

beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

10

guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are

11

convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

12

defendant guilty.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

# INSTRUCTION NO. 5 RE: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which were received in evidence; and

(3)     any facts to which the parties agreed.

**INSTRUCTION NO. 6 RE: PRO SE DEFENDANT**

Sharieff Pasha has decided to represent himself in this trial and not to use the services of a lawyer.  He has a constitutional right to do that.  His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because Mr. Pasha has decided to act as his own lawyer, you heard him speak at various times during the trial.  He made an opening statement and closing argument and asked questions of witnesses, made objections, and argued legal issues to the court.  I want to remind you that when Mr. Pasha spoke in these parts of the trial, he acted as a lawyer in the case, and his words were not evidence.  The only evidence in this case comes from witnesses who testified under oath on the witness stand and from exhibits that were admitted.

Although Mr. Pasha has chosen to represent himself, the court has appointed John J. Jordan as standby counsel.  This is a standard procedure.  Just as when Mr. Pasha spoke in these parts of the trial, if Mr. Jordan spoke in these parts of the trial, his words are not evidence.

United States District Court
Northern District of California

**INSTRUCTION NO. 7 RE: WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

**INSTRUCTION NO. 8 RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5  evidence is indirect evidence, that is, it is proof of one or more facts from which you can find

6  another fact.

7      You are to consider both direct and circumstantial evidence.  Either can be used to prove

8  any fact.  The law makes no distinction between the weight to be given to either direct or

9  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 9 RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

9

**INSTRUCTION NO. 10 RE: ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO. 11 RE: SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO. 12 RE: ON OR ABOUT—DEFINED**

The indictment charges that certain offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1

## INSTRUCTION NO. 13 RE: EVIDENCE OF CONVICTION

2

3      You have heard evidence that the defendant was convicted of other crimes not charged

4   here.  You may consider this evidence only for its bearing, if any, on the following questions:

5

6      • Whether the defendant made false statements in documents related to the rental of

7        139 Jacaranda Court, as relevant to the conspiracy to commit wire fraud as charged

8        in Count One;

9

10      • Whether the defendant made false statements in the applications for loans under the

11        Paycheck Protection Program, as relevant to the conspiracy to commit wire fraud

12        and bank fraud as charged in Count Fourteen, bank fraud as charged in Counts

13        Fifteen and Sixteen, and wire fraud as charged in Counts Seventeen through

14        Twenty-Three [17-23] and Twenty-Five through Twenty-Seven [25-27]; and

15

16      • Whether the defendant previously had been convicted of a crime punishable by

17        imprisonment for a term exceeding one year, and whether the defendant knew that

18        he previously had been convicted of a crime punishable by imprisonment for a term

19        exceeding one year, as relevant to the unlawful possession of a firearm and

20        ammunition by a felon as charged in Count Thirty-Six.

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 14 RE: TESTIMONY OF JAMEELAH BEY**

You have heard testimony from Jameelah Bey, a witness who pleaded guilty to a crime arising out of the same events for which defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of Jameelah Bey, you should consider the extent to which or whether her testimony may have been influenced by this factor.  In addition, you should examine the testimony of Jameelah Bey with greater caution than that of other witnesses.

**INSTRUCTION NO. 15 RE: TESTIMONY OF WITNESSES TESTIFYING PURSUANT TO IMMUNITY ORDER**

You have heard testimony from Byron Wilson, Curtisha Holden, and Mansoor Bey, witnesses who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witnesses.

For this reason, in evaluating the testimony of Byron Wilson, Curtisha Holden, and Mansoor Bey, you should consider the extent to which or whether their testimony may have been influenced by this.  In addition, you should examine the testimony of Byron Wilson, Curtisha Holden, and Mansoor Bey with greater caution than that of other witnesses.

United States District Court
Northern District of California

# INSTRUCTION NO. 16 RE: CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

## INSTRUCTION NO. 17 RE: CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**INSTRUCTION NO. 18 RE: FOREIGN LANGUAGE TESTIMONY**

You have heard the testimony of a witness who testified in the Bulgarian language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know this language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

1

**INSTRUCTION NO. 19 RE: STATEMENTS BY DEFENDANT**

2

3        You have heard testimony that the defendant made statements.  It is for you to decide (1)

4  whether the defendant made the statements, and (2) if so, how much weight to give to them.  In

5  making those decisions, you should consider all the evidence about the statements, including the

6  circumstances under which the defendant may have made them.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 20 RE: OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Special Agent Andrew Balady who testified to opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, training, education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, training, education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 21 RE: DUAL ROLE TESTIMONY**

You have heard testimony from Brian Rodriguez who testified about both facts and his opinions and the reasons for those opinions.

Fact testimony is based on what the witness personally saw, heard or did.  Opinion testimony is based on the specialized knowledge, skill, training, education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the specialized knowledge, skill, training, education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, training, education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 22 RE: CONSPIRACY TO COMMIT WIRE FRAUD**

The defendant is charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or about December 2018, and continuing until at least in or about December 2020, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. You are reminded that Count One charges a conspiracy to commit the crime of wire fraud as alleged in Counts Five through Nine [5-9] of the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor

1    merely by knowing that a conspiracy exists.

United States District Court
Northern District of California

1

2

### INSTRUCTION NO. 23 RE: WIRE FRAUD (18 U.S.C. § 1343)

3

The defendant is charged in Counts Five through Nine [5-9], Seventeen through Twenty-

Three [17-23], and Twenty-Five through Twenty-Eight [25-28] of the indictment with wire fraud

in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found

guilty of that charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant knowingly devised or intended to devise a scheme or plan to defraud,

or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses,

representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent

representations;

Second, the statements made as part of the scheme were material; that is, they had a natural

tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication, as

specified below, to carry out or attempt to carry out an essential part of the scheme.

As to Count Five, the alleged interstate wire communication was a wire payment of $225

from GEO Corrections to AHOD Mechanics Bank account, made on January 27, 2020;

As to Count Six, the alleged interstate wire communication was a wire payment of

$20,044.75 from GEO Corrections to AHOD Mechanics Bank account, made on February 28,

2020;

As to Count Seven, the alleged interstate wire communication was a wire payment of

$57,138.65 from GEO Corrections to AHOD Mechanics Bank account, made on March 27, 2020;

As to Count Eight, the alleged interstate wire communication was a wire payment of

$3,780 from GEO Corrections to AHOD Mechanics Bank account, made on April 24, 2020;

As to Count Nine, the alleged interstate wire communication was a wire payment of

$4,375 from GEO Corrections to AHOD US Bank account, made on June 26, 2020;

As to Count Seventeen, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of AHOD for $2,422,615 to Mechanics Bank on April 9, 2020;

As to Count Eighteen, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of AHOD for $1,938,000 to Lendio on May 20, 2020;

As to Count Nineteen, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of AHOD for $1,335,619 to Kabbage on May 21, 2020;

As to Count Twenty, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of AHOD for $1,618,200 to Fountainhead (via Lendio) on May 22, 2020;

As to Count Twenty-One, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of AHOD for $2,000,000 to Celtic (via Liberty SBF) on June 2, 2020;

As to Count Twenty-Two, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of Oversight for $2,893,000 to Lendio on June 16, 2020;

As to Count Twenty-Three, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of Oversight for $2,893,149.79 to Lendio on June 19, 2020;

As to Count Twenty-Five, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of Oversight for $1,895,760 to Cross River Bank on June 28, 2020;

As to Count Twenty-Six, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of FIG for $3,310,291.05 to Liberty SBF on June 16, 2020;

As to Count Twenty-Seven, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of FIG for $3,310,000 to Lendio on June 18, 2020; and

As to Count Twenty-Eight, the alleged interstate wire communication was the submission of an application for a PPP loan in the name of FIG for $3,310,000 to Lendio on February 3, 2021.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

**INSTRUCTION NO. 24 RE: KNOWINGLY−DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# INSTRUCTION NO. 25 RE: INTENT TO DEFRAUD

An intent to defraud is an intent to deceive and cheat.

1

### INSTRUCTION NO. 26 RE: AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A)

2

3    The defendant is charged in Counts Ten, Twelve, Thirteen, and Twenty-Nine through

4    Thirty-Three [29-33] of the indictment with aggravated identity theft in violation of Section

5    1028A of Title 18 of the United States Code.  For the defendant to be found guilty of that charge,

6    the government must prove each of the following elements beyond a reasonable doubt:

7    First, the defendant knowingly used without legal authority a means of identification of

8    another person;

9    Second, the defendant knew that the means of identification belonged to a real person; and

10   Third, the defendant did so during and in relation to another crime charged in the

11   indictment, as specified below:

12   As to Count Ten, the government must prove that the defendant knowingly used without

13   legal authority a means of identification for Georgi Petrakov, during and in relation to the crime of

14   conspiracy to commit wire fraud, as charged in Count One.

15   As to Count Twelve, the government must prove that the defendant knowingly used

16   without legal authority a means of identification for Pamela Saucer, during and in relation to the

17   crime of conspiracy to commit wire fraud, as charged in Count One.

18   As to Count Thirteen, the government must prove that the defendant knowingly used

19   without legal authority a means of identification for Simone Woods, during and in relation to the

20   crime of conspiracy to commit wire fraud, as charged in Count One.

21   As to Count Twenty-Nine, the government must prove that the defendant knowingly used

22   without legal authority a means of identification for Mansoor Bey, during and in relation to the

23   crime of wire fraud, as charged in Count Twenty-Two.

24   As to Count Thirty, the government must prove that the defendant knowingly used without

25   legal authority a means of identification for Mansoor Bey, during and in relation to the crime of

26   wire fraud, as charged in Count Twenty-Three.

27   As to Count Thirty-One, the government must prove that the defendant knowingly used

28   without legal authority a means of identification for Byron Wilson, during and in relation to the

United States District Court
Northern District of California

1  crime of wire fraud, as charged in Count Twenty-Six.

2  As to Count Thirty-Two, the government must prove that the defendant knowingly used

3  without legal authority a means of identification for Byron Wilson, during and in relation to the

4  crime of wire fraud, as charged in Count Twenty-Seven.

5  As to Count Thirty-Three, the government must prove that the defendant knowingly used

6  without legal authority a means of identification for Byron Wilson, during and in relation to the

7  crime of wire fraud, as charged in Count Twenty-Eight.

8  A signature qualifies as a means of identification.  The government need not establish that

9  the means of identification of another person was stolen.

10  A defendant "uses" another person's means of identification "in relation to" a predicate

11  offense when this use is at the crux of what makes the conduct criminal. The means of

12  identification specifically must be used in a manner that is fraudulent or deceptive.

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 27 RE: CONSPIRACY TO COMMIT WIRE FRAUD AND BANK FRAUD

The defendant is charged in Count Fourteen of the indictment with conspiring to commit wire fraud and bank fraud in violation of Section 1349 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or about March 2020, and continuing until at least in or about February 2021, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.  You are reminded that Count Fourteen charges a conspiracy to commit the crime of wire fraud, as alleged in Seventeen through Twenty-Three [17-23] and Twenty-Five through Twenty-Eight [25-28], or the crime of bank fraud, as alleged in Counts Fifteen through Sixteen [15-16], of the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who

31

has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

United States District Court
Northern District of California

**INSTRUCTION NO. 28 RE: BANK FRAUD—SCHEME TO DEFRAUD BY FALSE PROMISES (18 U.S.C. § 1344(2))**

The defendant is charged in Counts Fifteen and Sixteen of the indictment with bank fraud in violation of Section 1344(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution, as specified below, by making false statements or promises:

As to Count Fifteen, the alleged financial institution was Mechanics Bank; and

As to Count Sixteen, the alleged financial institution was Celtic Bank;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the financial institution was federally insured.

## INSTRUCTION NO. 29 RE: ATTEMPTED BANK FRAUD—SCHEME TO DEFRAUD BY FALSE PROMISES (18 U.S.C. § 1344(2))

The defendant may be found guilty of the crime charged in Counts Fifteen and Sixteen of the indictment even if he did not complete the crime but attempted to do so.  For the defendant to be found guilty of attempted bank fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised a plan or scheme to obtain money or property from a financial institution, as specified below, by false promises or statements;

As to Count Fifteen, the alleged financial institution was Mechanics Bank; and

As to Count Sixteen, the alleged financial institution was Celtic Bank;

Second, the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Third, the defendant acted with the intent to defraud;

 Fourth, the defendant did something that was a substantial step toward carrying out the plan or scheme and that strongly corroborated the defendant's intent to commit that crime; and

 Fifth, the financial institution was federally insured.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

**INSTRUCTION NO. 30 RE: FALSE STATEMENT TO A BANK OR OTHER**

**FEDERALLY INSURED INSTITUTION (18 U.S.C. § 1014)**

The defendant is charged in Counts Thirty-Four and Thirty-Five of the indictment with making a false statement to a federally insured financial institution for the purpose of influencing the federally insured financial institution in violation of Section 1014 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a federally insured financial institution, as specified below:

As to Count Thirty-Four, the alleged financial institution was Mechanics Bank; and

As to Count Thirty-Five, the alleged financial institution was Celtic Bank;

Second, the defendant made the false statement or report to the financial institution knowing it was false; and

Third, the defendant did so for the purpose of influencing in any way the actions of the financial institution.

It is not necessary, however, to prove that the financial institution was, in fact, influenced or misled, or that the financial institution was exposed to a risk of loss.  What must be proved is that the defendant intended to influence the financial institution by the false statement.

United States District Court
Northern District of California

35

**INSTRUCTION NO. 31 RE: FIREARMS—UNLAWFUL POSSESSION—CONVICTED FELON (18 U.S.C. § 922(g)(1))**

The defendant is charged in Count Thirty-Six of the indictment with possession of a firearm and ammunition by a felon in violation of Section 922(g)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm or ammunition.  The defendant need not have possessed both a firearm and ammunition, but you must all agree as to whether he possessed a firearm, ammunition, or both.

Second, the firearm or ammunition had been shipped or transported from one state to another;

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the defendant possessed the firearm or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

**INSTRUCTION NO. 32 RE: OBSTRUCTION OF JUSTICE—OFFICIAL PROCEEDING**

**(18 U.S.C. § 1512(c))**

The defendant is charged in Count Thirty-Seven of the indictment with obstructing an official proceeding, in violation of Section 1512(c)(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant obstructed or impeded an official proceeding, namely the grand jury investigation and criminal proceeding of the defendant;

Second, the defendant did so corruptly;

Third, the defendant knew or should have known that the official proceeding was pending or likely to be instituted when he engaged in the obstructive conduct; and

Fourth, the official proceeding was a federal proceeding.

However, the government does not need to prove that the defendant knew that the proceeding was a federal proceeding.

To "obstruct" or "impede" an official proceeding means to hinder or interfere with that proceeding.

**INSTRUCTION NO. 33 RE: ATTEMPTED OBSTRUCTION OF JUSTICE—OFFICIAL PROCEEDING (18 U.S.C. § 1512(c))**

The defendant may be found guilty of the crime charged in Count Thirty-Seven of the indictment even if he did not complete the crime but attempted to do so. For the defendant to be found guilty of attempted obstruction of an official proceeding, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to obstruct or impede an official proceeding, namely the grand jury investigation and criminal proceeding of the defendant.

Second, the defendant did so corruptly;

Third, the defendant knew or should have known that the official proceeding was pending or likely to be instituted when he intended to engage in the obstructive conduct;

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime; and

Fifth, the official proceeding was a federal proceeding;

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

## INSTRUCTION NO. 34 RE: DESTRUCTION OR REMOVAL OF PROPERTY TO PREVENT SEIZURE (18 U.S.C. § 2232(a))

The defendant is charged in Count Thirty-Eight of the indictment with attempting to destroy or remove property to prevent its seizure, in violation of Section 2232(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the government had lawful authority to search or seize property;

Second, before or during the search or seizure, the defendant intended to destroy, damage, or dispose of such property;

Third, the defendant did something that was a substantial step toward destroying, damaging, or disposing of such property and that strongly corroborated the defendant's intent to commit the crime; and

Fourth, the defendant acted for the purpose of preventing the government from taking such property into its custody or control.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

United States District Court
Northern District of California

**INSTRUCTION NO. 35 RE: OBSTRUCTION OF JUSTICE—FALSIFICATION OF**

**RECORDS IN FEDERAL INVESTIGATIONS (18 U.S.C. § 1519)**

The defendant is charged in Counts Thirty-Nine and Forty of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly falsified a record or document, as specified below:

For Count Thirty-Nine, the allegedly falsified records or documents were Form W-2s for the alleged employees of AHOD;

For Count Forty, the allegedly falsified records or documents were a Form 990-EZ for tax year 2019 and a California Exempt Organization Annual Information Return for the year 2019;

Second, the defendant acted with the intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. The defendant's intention to obstruct justice must be substantial.

The defendant need not know that the matter in question falls within the jurisdiction of a federal department or agency.

**INSTRUCTION NO. 36 RE: FILING FALSE TAX RETURN (26 U.S.C. § 7206(1))**

The defendant is charged in Counts Forty-One through Forty-Six [41-46] of the indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return that he knew contained false information as to a material matter, as specified below:

As to Count Forty-One, the alleged false information was the amount of wages that AHOD paid for the third quarter of 2019, as reported on Form 941 for 2019;

As to Count Forty-Two, the alleged false information was the amount of wages that AHOD paid for the fourth quarter of 2019, as reported on Form 941 for 2019;

As to Count Forty-Three, the alleged false information was the amount of wages that AHOD paid for the first quarter of 2020, as reported on Form 941 for 2020;

As to Count Forty-Four, the alleged false information was the amount of wages that AHOD paid for the third quarter of 2019, as reported on Form 941-X;

As to Count Forty-Five, the alleged false information was the amount of wages that AHOD paid for the fourth quarter of 2019, as reported on Form 941-X;

As to Count Forty-Six, the alleged false information was the amount of wages that AHOD paid for the first quarter of 2020, as reported on Form 941-X;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

To prove that the defendant acted "willfully," for the purposes of this instruction, the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

United States District Court
Northern District of California

1         If the defendant acted on a good faith misunderstanding as to the requirements of the

2    law, he did not act willfully even if his understanding of the law was wrong or unreasonable.

3    Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding

4    of the law because all persons have a duty to obey the law whether or not they agree with it.

5    Thus, to prove that the defendant acted willfully, the government must prove beyond a

6    reasonable doubt that the defendant did not have a good faith belief that he was complying with

7    the law.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 37 RE: CONSPIRACY TO COMMIT WITNESS TAMPERING−
ELEMENTS (18 U.S.C. § 1512(k))**

The defendant is charged in Count Forty-Seven of the indictment with conspiring to commit witness tampering in violation of Section 1512(k) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or around July 2020, and continuing until at least on or about February 15, 2022, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. You are reminded that Count Forty-Seven charges a conspiracy to commit the crime of witness tampering as alleged in Counts Forty-Eight through Forty-Nine [48-49] of the indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

43

some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

# INSTRUCTION NO. 38 RE: OBSTRUCTION OF JUSTICE—WITNESS TAMPERING
## (18 U.S.C. § 1512(b)(1))

The defendant is charged in Count Forty-Eight of the indictment with tampering with a witness in violation of Section 1512(b)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in misleading conduct toward or corruptly persuaded Mansoor Bey;

Second, the defendant acted with intent to influence, delay, or prevent the testimony of Mansoor Bey in an official proceeding, namely the pending grand jury investigation of the defendant;

Third, the defendant knew or should have known that the official proceeding was pending or was likely to be instituted; and

Fourth, the official proceeding was a federal proceeding.

However, the government does not need to prove that the defendant knew that the proceeding was a federal proceeding.

To engage in "misleading conduct" means to knowingly make a false statement, or, with intent to mislead, to knowingly submit or invite reliance on a writing that is false, forged, altered, or otherwise lacking in authenticity.

To "corruptly persuade" means to corrupt another person by persuading that person to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

An "official proceeding" means a proceeding before a judge or court of the United States or a federal grand jury.

**INSTRUCTION NO. 39 RE: ATTEMPTED OBSTRUCTION OF JUSTICE—WITNESS TAMPERING (18 U.S.C. § 1512(b)(1))**

The defendant may be found guilty of the crime charged in Count Forty-Eight of the indictment even if he did not complete the crime but attempted to do so.  For the defendant to be found guilty of attempted witness tampering, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to corruptly persuade or engage in misleading conduct toward Mansoor Bey;

Second, the defendant acted with intent to delay or prevent the testimony of Mansoor Bey in an official proceeding, namely the pending grand jury investigation of the defendant;

Third, the defendant knew or should have known that the official proceeding was pending or was likely to be instituted;

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime; and

Fifth, the official proceeding was a federal proceeding.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

United States District Court
Northern District of California

**INSTRUCTION NO. 40 RE: OBSTRUCTION OF JUSTICE—WITNESS TAMPERING**

**(18 U.S.C. §§ 1512(b)(2))**

The defendant is charged in Count Forty-Nine of the indictment with tampering with a witness, in violation of Section 1512(b)(2)(D) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly used intimidation or corruptly persuaded Mansoor Bey;

Second, the defendant acted with intent to cause or induce Mansoor Bey to be absent from an official proceeding, namely the pending grand jury investigation of the defendant, to which Mansoor Bey had been summoned by legal process;

Third, the defendant knew or should have known that the official proceeding was pending or was likely to be instituted; and

Fourth, the official proceeding was a federal proceeding.

However, the government does not need to prove that the defendant knew that the proceeding was a federal proceeding.

To "corruptly persuade" means to corrupt another person by persuading that person to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

An "official proceeding" means a proceeding before a judge or court of the United States or a federal grand jury.

# INSTRUCTION NO. 41 RE: ATTEMPTED OBSTRUCTION OF JUSTICE—WITNESS TAMPERING (18 U.S.C. §§ 1512(b)(2))

The defendant may be found guilty of the crime charged in Count Forty-Nine of the indictment even if he did not complete the crime but attempted to do so.  For the defendant to be found guilty of attempted tampering with a witness, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to use intimidation or corruptly persuade Mansoor Bey;

Second, the defendant acted with intent to cause or induce Mansoor Bey to be absent from an official proceeding, namely the pending grand jury investigation of the defendant, to which Mansoor Bey had been summoned by legal process;

Third, the defendant knew or should have known that the official proceeding was pending or was likely to be instituted;

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime;

Fifth, the official proceeding was a federal proceeding;

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

1

**INSTRUCTION NO. 42 RE: AIDING AND ABETTING (18 U.S.C. § 2(a))**

2

3    The defendant may be found guilty of the crimes charged in Counts Five through Nine [5-

4    9], Fifteen through Twenty-Three [15-23], Twenty-Five through Twenty-Eight [25-28], and

5    Thirty-Five through Thirty-Seven [35-37] of the indictment, even if the defendant personally did

6    not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid

7    and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty

8    of a crime by aiding and abetting, the government must prove each of the following beyond a

9    reasonable doubt:

10    First, someone else committed the crime;

11    Second, the defendant aided, counseled, commanded, induced, or procured that person

12    with respect to at least one element of the crime;

13    Third, the defendant acted with the intent to facilitate the crime; and

14    Fourth, the defendant acted before the crime was completed.

15    It is not enough that the defendant merely associated with the person committing the crime,

16    or unknowingly or unintentionally did things that were helpful to that person or was present at the

17    scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted

18    with the knowledge and intention of helping that person commit the crime.

19    A defendant acts with the intent to facilitate the crime when the defendant actively

20    participates in a criminal venture with advance knowledge of the crime.

21    The government is not required to prove precisely which person actually committed the

22    crime and which person aided and abetted.

23    The failure to prosecute or to obtain a prior conviction of the person who committed the

24    crime does not preclude the conviction of the aider and abettor.

25

26

27

28

United States District Court
Northern District of California

1

**INSTRUCTION NO. 43 RE: AIDING AND ABETTING (18 U.S.C. § 2(b))**

2

3          The defendant may also be found guilty of the crimes charged in Counts Five through Nine

4   [5-9], Fifteen through Twenty-Three [15-23], Twenty-Five through Twenty-Eight [25-28], and

5   Thirty-Five through Thirty-Seven [35-37], even if the defendant did not personally commit the

6   acts constituting the crime if the defendant willfully caused an act to be done that if directly

7   performed by him would be an offense against the United States.  A defendant who puts in motion

8   or causes the commission of an indispensable element of the offense may be found guilty as if he

9   had committed this element himself.  It is not necessary to find that the other person is guilty of

10  the crime.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 44 RE: JURY CONSIDERATION OF PUNISHMENT**

2

3        The punishment provided by law for these crimes is for the court to decide.  You may not

4 consider punishment in deciding whether the government has proved its case against the defendant

5 beyond a reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

### INSTRUCTION NO. 45 RE: DUTY TO DELIBERATE

3       When you begin your deliberations, elect one member of the jury as your foreperson who

4   will preside over the deliberations and speak for you here in court.

5       You will then discuss the case with your fellow jurors to reach agreement if you can do so.

6   Your verdict, whether guilty or not guilty, must be unanimous.

7       Each of you must decide the case for yourself, but you should do so only after you have

8   considered all the evidence, discussed it fully with the other jurors, and listened to the views of

9   your fellow jurors.

10      Do not be afraid to change your opinion if the discussion persuades you that you should.

11  But do not come to a decision simply because other jurors think it is right.

12      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13  you can do so after having made your own conscientious decision.  Do not change an honest belief

14  about the weight and effect of the evidence simply to reach a verdict.

15      Perform these duties fairly and impartially.  You should also not be influenced by any

16  person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity,

17  gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes

18  or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

19  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

20  but may be expressed without conscious awareness, control, or intention.

21      It is your duty as jurors to consult with one another and to deliberate with one another with

22  a view towards reaching an agreement if you can do so.  During your deliberations, you should not

23  hesitate to reexamine your own views and change your opinion if you become persuaded that it is

24  wrong.

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 46 RE: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

53

**INSTRUCTION NO. 47 RE: USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 48 RE: VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## INSTRUCTION NO. 49 RE: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**IT IS SO ORDERED.**

Dated: June 23, 2023

HAYWOOD S. GILLIAM, JR.

United States District Judge